```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 14-2439 | Appeal from the United States District Court |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:13CR00009-001 |
| AERON CURTIS BUSH, *Defendant-Appellant*. | Larry J. McKinney, *Judge*. |

**O R D E R**

Aeron Bush, a federal inmate, confessed orally and in writing to possessing numerous shanks found in his cell. He entered a conditional guilty plea to possessing a weapon as a federal prisoner, 18 U.S.C. § 1791(a)(2), after the district court denied his motion to suppress those confessions. Bush now appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Bush has not accepted our invitation to respond to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Bush is an inmate at the federal penitentiary in Terre Haute, Indiana. After a guard discovered knife sheaths sewn into Bush's clothes, his cell was searched and 15 shanks were found. In accordance with prison policy, he was immediately moved into the secured housing unit. The next day Bush was handcuffed and taken to an office within the secured housing unit. Investigators informed him that he was free to leave the interview at any time, but Bush replied that he was willing to participate in the interview. The investigators then asked three questions, including whether he possessed the weapons found in his cell. Bush admitted that the shanks were his. He signed a standard form used to claim ownership of unauthorized property, and he also signed a photo of the weapons. The entire encounter lasted about ten minutes.

Several months later the government opened a criminal investigation and charged Bush with possessing a weapon as a federal prisoner. *See* 18 U.S.C. § 1791(a)(2). His lawyer moved to suppress Bush's oral and written statements on the ground that he had not been read *Miranda* warnings before he was interrogated. The district judge denied the motion, explaining that using handcuffs and a separate interview room did not constitute coercion, and thus, Bush was not in custody when he signed the forms. The judge also pointed out that Bush had conceded that all participants were cordial and calm throughout the interview. These factors, the judge decided, negated the need for *Miranda* warnings.

Bush then entered a conditional guilty plea, *see* FED. R. CRIM. P. 11(a)(2), reserving the right to challenge the suppression ruling on appeal. The district judge calculated a guidelines imprisonment range of 27 to 33 months and sentenced Bush to 48 months. The judge initially had stated that he intended to sentence Bush to a term two years below the statutory maximum, which at different points the judge described as both five and six years. Ultimately, though, the judge caught his misstatement—the statutory maximum is five years, *see* 18 U.S.C. § 1791(b)(3)—and clarified that he intended to impose 48 months as the appropriate sentence.

First, counsel notes that Bush does not wish to challenge his guilty plea unless the suppression ruling is overturned. Thus, counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel also considers contesting the denial of Bush's motion to suppress. Interrogators must give an inmate *Miranda* warnings only if the inmate is in "custody" for purposes of the Fifth Amendment. *See Howes v. Fields*, 132 S. Ct. 1181, 1188–89 (2012). An inmate is in custody for purposes of *Miranda* only if the totality of circumstances would

lead a reasonable inmate in his place to believe that the setting of the interrogation adds new constraints to his freedom. *See id.* at 1189. Thus, in *Howes* the Supreme Court concluded that the defendant, a prison inmate, was not in "custody" during an interview that lasted five to seven hours because he was not restrained or threatened; was in a well-lit, average-sized conference room; was not uncomfortable; and, most importantly, was told that he was free to end the questioning and return to his cell whenever he wished. *Id.* at 1192–94; *see also Illinois v. Perkins*, 496 U.S. 292, 297–98 (1990) (explaining that *Miranda* protects against coercion and compulsion, not ploys to lull suspect into false sense of security); *United States v. Menzer*, 29 F.3d 1223, 1232–33 (7th Cir. 1994) (concluding that inmate was not in custody when he voluntarily appeared at interviews, was not restrained, was in well-lit room, and was told by agent that he could leave room at any time).

We agree with counsel that an appellate challenge to the suppression ruling would be frivolous. The uncontested facts establish that Bush was not in custody for purposes of *Miranda*. He was asked only three questions, was in a regular-sized room for only ten minutes, was comfortable, heard no raised voices, and was told that he could go back to his cell at any time. He was in handcuffs, but as the district court explained, the cuffs were a normal part of moving an inmate throughout the secured housing unit, not an additional constraint on his freedom. Thus *Miranda* warnings were unnecessary. *See Howes*, 132 S. Ct. at 1192–94.

Counsel next considers a challenge to the reasonableness of Bush's prison sentence, but rightly concludes that this claim, too, would be frivolous. Bush's guidelines range was calculated correctly, and although the judge imposed a sentence above the guidelines range, the judge applied the factors in 18 U.S.C. § 3553(a) and adequately explained his reasons for the particular sentence. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011). Specifically, the judge considered the seriousness of Bush's offense, explaining that the number of lethal weapons Bush possessed was particularly egregious and noting the danger that they posed to the guards and other inmates. *See* 18 U.S.C. § 3553(a)(2)(A). The judge also highlighted Bush's lengthy criminal history and gang membership at the time he had the weapons. And the judge considered mitigating factors like Bush's eventual withdrawal from his gang and the classes he had taken to help him successfully reenter society after his release.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.